**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: SUBPOENAS TO MYRTIS MARTINDALE, LAURETTE POWELL, SUZANNE HILL, and JANET SHOFNER | § § § § § § § § § | CIVIL ACTION NO. 4:21-mc-02150<br><br>JUDGE CHARLES ESKRIDGE |

**ORDER TRANSFERRING DISCOVERY DISPUTE**

The motion by Lincoln National Life Insurance Company and Lincoln National Corporation to transfer this matter to the United States District Court for the Eastern District of Pennsylvania is granted. Dkt 1.

1. Background

Lincoln National Life Insurance Company and Lincoln National Corporation are referred to together here as *Lincoln*. They are defendants in a putative class action pending in the United States District Court for the Eastern District of Pennsylvania that challenges increases in insurance rates for certain life insurance policies. Dkt 1 at 4. One of the policies at issue there was purchased in 2003 by Loucille Martindale and then sold in 2005 to Vespers LLC. When purchased, Loucille allegedly represented that the net worth of the Martindale Land & Cattle Company was between $50 and $80 million. Id at 7–8. Lincoln believes that the policy was likely obtained by fraud or misrepresentation. Id at 9–10.

Loucille is now 102 years old and no longer a shareholder of MLC. Lincoln issued subpoenas to nonparties Myrtis Martindale, Laurette Powell, Suzanne Hill, and Janet Shofner. They are Loucille's daughters and daughter-in-law and are referred to together here as *the*

*Daughters*. They still hold shares in the company. Id at 4; Dkt 16 at 2–3. Lincoln requested a range of documents including those concerning the assets of MLC. Dkt 1 at 8; see also Dkts 1-8 (Hill subpoena); 1-9 (Shofner subpoena); 1-10 (Powell subpoena); 1-11 (Martindale subpoena). The Daughters largely fulfilled the requests, but they've refused to disclose MLC's 2005 tax return. Dkt 1 at 11.

Lincoln now seeks to transfer this discovery dispute to the Eastern District of Pennsylvania. Alternatively, it asks that the Daughters be compelled to produce the tax return at issue. Dkt 1.

2. Legal Standard

Rule 45(f) of the Federal Rules of Civil Procedure states:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.

The party requesting transfer bears the burden of showing that exceptional circumstances exist. FRCP 45(f), advisory committee notes.

A court shouldn't simply assume that the issuing court "is in a superior position to resolve subpoena-related motions," but still, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation." Ibid; *McGriff Insurance Services Inc v South Texas Educational Technologies Inc*, 2020 WL 10817489, *2 (SD Tex). "The prime concern should be avoiding burdens on local nonparties subject to subpoenas." FRCP 45(f), advisory committee notes. A court should also consider "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *CSS Inc v Herrington*, 354 F Supp 3d 702, 707 (ND Tex 2017) (quotation marks and citation omitted). "Transfer is appropriate only if such interests

outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." FRCP 45(f), advisory committee notes.

### 3. Analysis

Transfer is appropriate. As an initial matter, the Daughters concede that transfer wouldn't burden them so long as their counsel may participate in hearings remotely. Dkt 13 at 13. And Lincoln contends that "all disputes presented to the Special Master have been decided either with consent of the parties on the papers or after telephonic oral argument when requested by the parties." Dkt 1 at 14. Thus, the "prime concern" of Rule 45(f) is allayed.

The other factors plainly weigh in favor of transfer. The underlying case has been pending for five years, and a Special Master has overseen discovery disputes since 2019. Lincoln is thus quite right to note that the Special Master is "very familiar with the facts of these cases, the type of discovery Lincoln has sought from parties and non-parties that is similar to that at issue here, and the relevance of that discovery to the claims and Lincoln's affirmative defenses." Dkt 1 at 12. Consequently, the Special Master is uniquely positioned to handle this dispute. See *McGriff Insurance*, 2020 WL 10817489 at *2.

Transfer also avoids the risk of inconsistent rulings. The Special Master "has already issued multiple orders on discovery disputes which bear upon the instant matter," including a dispute between the Plaintiffs and Lincoln as to whether Lincoln may pursue "documents relating to the status of the insurance policies in question as so-called 'STOLI' policies, and/or whether there was any fraud or misrepresentation in connection with the issuance of the Policies and/or whether, if shown, Plaintiffs were aware of the same." Dkt 1 at 14; Dkt 1-15 at 7. The Daughters suggest that this dispute didn't involve any non-parties, but that's beside the point. Dkt 13 at 12. What's pertinent is that the court in the underlying dispute has already ruled on similar issues and "the same issues are likely to arise in discovery" again. FRCP 45(f), advisory committee notes.

The procedural posture also weighs in favor of transfer. Fact discovery concluded on July 27, 2021, and class briefing will conclude on December 8, 2021. Dkt 1-16. Transfer will allow the Special Master to resolve the dispute in conformity with this timetable, thereby avoiding disruption of "the issuing court's management of the underlying litigation." FRCP 45(f), advisory committee notes.

In sum, transfer will impose little burden on the Daughters, and Lincoln has demonstrated that the other factors outweigh their interests in obtaining local resolution of the motion. Ibid.

4. Conclusion

The motion by Lincoln National Life Insurance Company and Lincoln National Corporation to transfer this matter to the court in which the underlying litigation is pending is GRANTED. Dkt 1.

This case is TRANSFERRED to the United States District Court for the Eastern District of Pennsylvania. The motion by the Lincoln entities to compel non-parties Myrtis Martindale, Laurette Powell, Suzanne Hill, and Janet Shofner to comply with the subpoenas should be docketed in the underlying case, *In re Lincoln National COI Litigation*, No 2:16-cv-06605 (ED Pa).

The Clerk of Court shall give any notice necessary to effectuate this transfer.

The hearing scheduled for November 19, 2021 is CANCELED.

SO ORDERED.

Signed on November 18, 2021, at Houston, Texas.

*Ch R Eshridge II*
Hon. Charles Eskridge
United States District Judge